**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**CHAPTER 13 PLAN**

RICHARD K. WALCOTT
BARBARA J. WALCOTT                              CASE NO.: 8:15-bk-02191-CPM

   Debtors.

_____/

[ _#_ Amended (if applicable)] Chapter 13 Plan

**CHECK ONE:**

   __X__  The Debtor[1] certifies that the Plan does not deviate from the model plan adopted by the Court at the time of the filing of this case. Any nonconforming provisions are deemed stricken.

   _____ The Plan contains provisions that are specific to this Plan in Additional Provisions, paragraph 8(e) below. Any nonconforming provisions not set forth in paragraph 8(e) are deemed stricken.

**1. MONTHLY PLAN PAYMENTS**: Plan payments include the Trustee's fee of 10% and shall begin thirty (30) days from filing/conversion date. The Debtor shall make payments to the Trustee for the period of ___36___ months. In the event the Trustee does not retain the full 10%, any portion not retained will be paid to unsecured creditors *pro rata* under the plan:

A.  $1,290.00  for months __01__ through __36__;
B.  $_____   for months _____ through _____;
C.  $_____   for months _____ through _____;

in order to pay the following creditors:

**2. ADMINISTRATIVE ATTORNEY FEE:** $ 4,100.00 **TOTAL PAID** $ 1,500.00

**Balance Due** $ 2,600.00          **Payable Through Plan** $ 250.00 **Month 1 – 10**
                                                                          $ 100.00 **Month 11**

---

[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.

**3. PRIORITY CLAIMS [as defined in 11 U.S.C. §507]:**

| Name of Creditor | Total Claim |
|---|---|
| INTERNAL REVENUE SERVICE | $ 736.86 |

**4. TRUSTEE FEES:** Trustee shall receive a fee from each payment received, the percentage of which is fixed periodically by the United States Trustee.

**5. SECURED CLAIMS:**

Pre-Confirmation payments allocated to secured creditors under the Plan, other than amounts allocated to cure arrearages, shall be deemed adequate protection payments. To the extent the Debtor makes such pre-confirmation payments, secured creditors who have filed proofs of claim prior to the claims bar date or within 14 days from the date of an order converting or dismissing this case, whichever date is earlier, shall have an administrative lien on such payment(s), *pro rata* with other secured creditors, subject to objection by the Debtor or Trustee.

**(A) Claims Secured by Real Property Which Debtor Intends to Retain/ Mortgage Payments and Arrears, If Any, Paid through the Plan:** If the Plan provides for the curing of prepetition arrearages on a mortgage, the Debtor will pay, in addition to all other sums due under the proposed Plan, all regular monthly post-petition mortgage payments to the Trustee as part of the Plan. These mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the post-petition mortgage payments on the following mortgage claims:

| Name of Creditor | Collateral | Regular Monthly Pmt. | Arrearages (if any) |
|---|---|---|---|
| | | | |
| | | | |

**(B) Claims Secured by Real Property/Debtor Intends to Seek Mortgage Modification:** Pending the resolution of a mortgage modification request, the Debtor shall make the following adequate protection payments to the Trustee, calculated at 31% of the Debtor's gross monthly income. Absent further order of this Court, the automatic stay shall terminate effective 6 months after the filing of the Debtor's bankruptcy petition:

| Name of Creditor | Collateral | Payment Amt (at 31%) |
|---|---|---|
| HFC | 2526 Timbercreek Loop | $925 |
| | | |

**(C) Liens to be Avoided/Stripped:**

| Name of Creditor | Collateral | Estimated Amount |
|---|---|---|
| HFC | 2526 Timbercreek Loop | $21,834.95 |

**(D) Claims Secured by Real Property or Personal Property to Which Section 506 Valuation APPLIES:** Pursuant to 11 U.S.C. § 1322(b)(2), this provision does not apply to a claim secured solely by the Debtor's principal residence. The secured portion of the claim, estimated below, and to be determined in connection with a motion to determine secured status, shall be paid as follows:

| Creditor | Collateral | Value | Payment | Interest @_____% |
|---|---|---|---|---|
| | | | | |

**(E) Claims Secured by Real Property and/or Personal Property to Which Section 506 Valuation DOES NOT APPLY:** Claims of the following secured creditors shall be paid in full with interest at the rate set forth below as follows.

| Creditor | Collateral | Balance | Payment | Interest @ _____% |
|---|---|---|---|---|
| | | | | |

**(F) Claims Secured by Personal Property / Regular Payments and Arrearages, if any, Paid in Plan:**

| Name of Creditor | Collateral | Regular Payment | Arrearages |
|---|---|---|---|
| | | | |

**(G) Secured Claims/Lease Claims Paid Direct by the Debtor:** The following secured claims/lease claims are to be paid direct to the creditor or lessor by the Debtor outside the Plan. The automatic stay and any codebtor stay are terminated *in rem* as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate the Debtor's state law contract rights. The Plan must provide for the assumption of lease claims in the Lease/Executory Contract section below.

| Name of Creditor | Property/Collateral |
|---|---|
| | |

**(H) Secured Claims/Lease Claims Not Provided for Under the Plan:** The following secured claims/leased claims are not provided for under the Plan. As such the automatic stay and any codebtor stay do not apply and the Debtor's liability to the creditor is NOT DISCHARGED under the Plan. Nothing herein is intended to abrogate the Debtor's state law contract rights.

**Name of Creditor**                              **Property/Collateral**

**(I) Surrender of Collateral/Leased Property:** Debtor will surrender the following collateral/leased property no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. The automatic stay and any codebtor stay are terminated *in rem* as to these creditors and lessors upon the filing of this Plan. The Plan must provide for the rejection of lease claims in the Lease/Executory Contract section below.

**Name of Creditor**                              **Property/Collateral to be Surrendered**

**6. LEASES/EXECUTORY CONTRACTS:**

**Name of Creditor    Property    Assume/Reject-Surrender    Estimated Arrears**

**7. GENERAL UNSECURED CREDITORS:** General unsecured creditors with allowed claims shall receive a *pro rata* share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid pursuant to the provisions of a subsequent Order Confirming Plan. The estimated dividend to unsecured creditors is $ __5,040.74__ .

**8. ADDITIONAL PROVISIONS:**

(a) Secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims;

(b) Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as may be allowed by a specific Order of the Bankruptcy Court.

(c) Property of the estate (check one)*

4

(1) _____ shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise; or

(2) __X__ shall vest in the Debtor upon confirmation of the Plan.

\*If the Debtor fails to check (a) or (b) above, or if the Debtor checks both (a) and (b), property of the estate shall not vest in the Debtor until the earlier of the Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

(d) The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief. The Trustee shall only make payment to creditors with filed and allowed proof of claims. An allowed proof of claim will be controlling, unless the Court orders otherwise.

(e) Case Specific Provisions: _____

_____

_____

_Richard K Walcott_  Dated: 3-5-15
Debtor

_Barbara Walcott_  Dated: 3-5-15
Debtor

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Chapter 13 Plan of Debtor(s) was furnished by United States mail, postage prepaid, to All Creditors and Parties in Interest as listed on the Court's Matrix as attached, this 18th day of March, 2015.

/s/ Robert D DeLeon, Esq.
Robert D DeLeon, Esq.
Attorney for Debtor
Kaufman, Englett & Lynd, PLLC
150 N Orange Avenue, Suite 100
Orlando, FL 32801
Telephone: 407.513.1900
Facsimile: 407.309.5900
Florida Bar No.: 93901

```
Label Matrix for local noticing          United States Trustee - TPA7/13 7      Applied Card Bank
113A-8                                   Timberlake Annex, Suite 1200           Attention: Bankruptcy
Case 8:15-bk-02191-CPM                   501 E Polk Street                      Po Box 17125
Middle District of Florida               Tampa, FL 33602-3949                   Wilmington, DE 19850-7125
Tampa
Wed Mar 18 11:45:32 EDT 2015

Capital 1 Bank                           Clark & Daughtery                      Department of Revenue
Attn: General Correspondence             130 Pablo Street                       PO Box 6668
Po Box 30285                             Lakeland, FL 33803-3818                Tallahassee, FL 32314-6668
Salt Lake City, UT 84130-0285


(p)FORD MOTOR CREDIT COMPANY             HFC                                    HFC
P O BOX 62180                            P.O. Box 17574                         PO Box 1231
COLORADO SPRINGS CO 80962-2180           Baltimore, MD 21297-1574               Brandon, FL 33509-1231


IRS                                      Internal Revenue Service               Lakeland Regional Health
PO Box 16226                             P.O. Box 7346                          PO Box 102101
Philadelphia, PA 19114-0226              Philadelphia, PA 19101-7346            Atlanta, GA 30368-2101


Lakeland Regional Medical                Millennia Collections, LLC             Sam's Club
Center                                   78 Marion Beavers Rd                   PO Box 530942
Po Box 102049                            Suite B                                Atlanta, GA 30353-0942
Atlanta, GA 30368-2049                   Sharpsburg, GA 30277-6911


(p)SPRINGLEAF FINANCIAL SERVICES         United Cosumer Financial               Weisfield Jewelers/Sterling Jewelers Inc
P O BOX 3251                             Service Company                        Attn: Bankruptcy
EVANSVILLE IN 47731-3251                 865 Bassett Road                       Po Box 1799
                                         Westlake, OH 44145-1142                Akron, OH 44309-1799


Wffinance                                Barbara J. Walcott                     Jon Waage
800 Walnut St                            2526 Timbercreek Loop West             P O Box 25001
Des Moines, IA 50309-3504                Lakeland, FL 33805-7657                Bradenton, FL 34206-5001


Richard K Walcott                        Roberto D DeLeon
2526 Timbercreek Loop West               Kaufman, Englett & Lynd, PLLC
Lakeland, FL 33805-7657                  150 N. Orange Avenue, Suite 100
                                         Orlando, FL 32801-2317
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Ford Motor Credit Corporation            Springleaf Financial
Ford Motor Credit                        PO Box 3251
Po Box 6275                              Evansville, IN 47731
Dearborn, MI 48121
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Bby/cbna | (d)Capital 1 Bank<br>Attn: General Correspondence<br>Po Box 30285<br>Salt Lake City, UT 84130-0285 | End of Label Matrix<br>Mailable recipients    22<br>Bypassed recipients     2<br>Total                  24 |